UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEQUILA MATHEWS CALDWELL and JUSTIN MATHEWS-WILLIAMS, <br><br> Plaintiffs, <br><br> v. <br><br> MISSOURI STATE HIGH SCHOOL ACTIVITIES ASSOCIATION; FRANCIS HOWELL NORTH HIGH SCHOOL; and MICHAEL JANES, in his individual and official capacities, <br><br> Defendants. | Case No. 4:18-CV-261 RLW |

## MEMORANDUM AND ORDER

This case began with the request of Justin Mathews-Williams and his mother, Dequila Mathews-Caldwell (Plaintiffs), for a temporary restraining order ("TRO") and a preliminary injunction prohibiting Francis Howell North High School ("Francis Howell") from enforcing Section 2.2.2 of the Missouri State High School Activities Association ("MSHSAA") By-Laws stating that a student who has "commit[ted] an act for which charges may or have been filed" is not eligible to participate in interscholastic activities. (Pls. Compl Ex. 1 at 43.) Mathews-Williams had been suspended from his high school basketball team after being charged with a misdemeanor; and, arguing that Section 2.2.2 is racially discriminatory in intent and purpose because people of color are arrested more frequently than others, he sought an order requiring he be allowed to participate in Senior Night and in the remaining games of the season. In his contemporaneously-filed 42 U.S.C. § 1983 complaint, he also requested "monetary relief" and a declaratory judgment that MSHSAA's application of Sections 2.2.2 and 2.2.3 (delineating authority of local school to, among other things, set "more restrictive citizenship standards") is

illegal racial discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment.

Following a hearing on the TRO request, the Court directed that Mathews-Williams be allowed to appear, with certain limitations, with the basketball team for Senior Night. The Court ordered that his suspension from playing in basketball games was to remain in full force and effect. A hearing on his request for a preliminary injunction was scheduled.

Senior Night was the same day as the TRO hearing. Mathews-Williams did not appear. (Janes' Aff. ¶ 8; ECF No. 26-1.) Francis Howell played their last basketball game of the season on February 24, 2018. (*Id.* ¶¶ 9, 11.)

Four days later, MSHSAA filed an amended motion to dismiss, arguing, in relevant part, that the case is moot. Six days later, Francis Howell and Michael Janes moved to dismiss on the grounds of mootness and, as to the claims of Dequila Mathews-Caldwell, of lack of standing. Plaintiffs have not responded to either motion.[1]

"'Article III of the Constitution limits federal-court jurisdiction to "cases" and "controversies."' *United States v. McHatten*, 869 F.3d 622, 623 (8th Cir. 2017) (quoting *Campbell-Ewald Co. v. Gomez*, 136 S.Ct. 663, 669 (2016)). "'If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during the litigation, the action can no longer proceed and must be dismissed as moot.'" *Campbell-Elward*, 136 S.Ct. at 669 (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013)). *See also Camreta v. Greene*, 563 U.S. 692, 711 (2011) (there is no live controversy to review when

---

[1] Rule 4.01(B) of the Local Rules of the Eastern District of Missouri requires that a party opposing a motion file, "within seven (7) days after being served with the motion, a memorandum containing any relevant argument and citations to authorities on which the party relies." E.D.Mo. L.R. 4.01(B).

2

"subsequent events ma[ke] it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur") (interim quotations omitted) (alteration in original).

Plaintiffs sought an order directing Defendants to allow Mathews-Williams to play in this season's remaining basketball games. The season is now over. Their request is moot. *See McFarlin v. Newport Special School Dist.*, 980 F.2d 1208, 1210 (8th Cir. 1992) (dismissing as moot appeal from denial of TRO and preliminary injunction in case challenging school board's decision banning senior girl from participating on basketball team; girl had graduated and "court [could not] place [her] back on the basketball team"). *See also Mount Carmel High School v. Illinois High School Ass'n*, 664 N.E.2d 252, 254 -55 (Ill.Ct.App. 1996) (high school's challenge to athletic association's decision barring school from participating in wrestling meet on grounds school had violated association's by-laws was rendered moot when meet was canceled); *Univ. Interscholastic League v. Jones,* 715 S.W.2d 759, 760-61 (Tex.Ct.App. 1986) (appeal of trial court's decision allowing defendant to play high school football was rendered moot when defendant graduated from high school).

An exception to the mootness doctrine exists for cases that are capable of repetition, yet evade review. *Stevenson v. Blytheville School Dist. No. 5*, 762 F.3d 765, 769 (8th Cir. 2014).

> [A] controversy is capable of repetition, yet evading review where both of the following two requirements are met: (1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again.

*Id.* (quotations omitted) (alterations in original). In *Stevenson*, the court held that the appeal from the denial of a preliminary injunction enjoining a school district from adopting a measure which would effectively prevent the children of plaintiffs from transferring schools was rendered moot when the school year ended. The controversy was "not 'capable of repetition'" because the issue pertained to one school year, and that school year was complete. *Id.* at 770. Similarly,

3

Plaintiffs challenge the decision suspending Mathews-Williams for the remainder of the 2018 basketball season. That season is complete. Moreover, Mathews-Williams is a senior and will not be playing next season.

Plaintiffs advance no argument as to why their claim for injunctive or declaratory relief is not now moot.

Plaintiffs also requested monetary relief.[2] "A legitimate, non-speculative claim for compensatory damages is not mooted by a change in circumstances." *Cobb v. U.S. Dep't of Educ.*, 2006 WL 2671241, *3 (D. Minn. Sept. 18, 2006). Francis Howell and Janes argue that the only allegations supporting a claim for monetary damages are that Mathews-Williams might miss out an athletic scholarship if not permitted to play in the few remaining games.[3] Plaintiffs do not disagree with this characterization of their claim, which the Court finds to be too speculative to withstand the unopposed motions to dismiss. In *Governor Wentworth Regional School Dist. v. Hendrickson,* 201 Fed.Appx. 7, 8-9 (1st Cir. 2006) (per curiam), the court dismissed an appeal challenging on First Amendment grounds a student's suspension from school. The parents' claim for damages based on a theory that the suspension would adversely

---

[2] Plaintiffs did not request nominal damages. *See Dean v. Blumenthal*, 577 F.3d 60, 66 (2nd Cir. 2009) (finding that claim for nominal damages prevented action alleging violation of constitutional rights from being moot).

[3] The allegations relating to scholarships read as follows:

> High School basketball games provides [sic] a critical, but limited window of time for players to attract the attention of coaches and compete for college scholarships.
>
> The number of available athletic scholarships that colleges may award each year is limited, and that number grows smaller each week of the basketball season. Often, scholarships are awarded at the end of the season, or during the last few games of the season, based on stats and recruiting trips occurring at the end of the season.

(Compl. ¶ 21-22.)

affect their son's employment prospects was determined to be too speculative to prevent the appeal from becoming moot on the student's graduation. *Id. See also Schell v. OSY USA, Inc.*, 814 F.3d 1107, 1115 (10th Cir. 2016) (finding claim for damages arising from allegations of hypothetical future harm too speculative to save appeal from mootness); *CMR D.N. Corp. v. City of Philadelphia*, 703 F.3d 612, 622 (3rd Cir. 2013) (noting that "[c]laims for damages are retrospective in nature – they compensate for *past* harm") (emphasis added); *Brown v. U.S. Dep't of Justice*, 169 Fed.Appx. 537, 541 (11th Cir. 2006) (per curiam) (rejecting as too speculative plaintiff's claim for damages based on allegations that documents in her personnel file could destroy her career). *Cf. McFarlin*, 980 F.2d at 1210 (student's claim for compensatory damages for civil rights violated resulting from school board's banning her from basketball team without providing her a hearing was not rendered moot by her graduation).

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that the amended motion to dismiss of Missouri State High School Activities Association [ECF No. 21] and the motion to dismiss of Francis Howell North High School and Michael Janes [ECF No. 26] are each GRANTED.

**IT IS FURTHER ORDERED** that the remaining pending motions are denied as moot. [ECF Nos. 2, 13, 17, and 23]

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 21st day of March 2018

*/s/ Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**